IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICH AUREL, #317239      *
      Plaintiff
  v.      *      CIVIL ACTION NO. ELH-17-1230

UNITED STATES OF AMERICA/      *
  MARYLAND STATE
                                 *****

**MEMORANDUM**

On May 4, 2017, the court received a "Petition to Habeas Corpus in the United States District Court in Maryland State" from Mich Aurel,[1] a state inmate confined at the North Branch Correctional Institution ("NBCI"). ECF 1. Aurel appears to claim that he is being discriminated against by NBCI officers and medical personnel due to his national origin, race, and religion.

Aurel raises a veritable laundry list of conclusory claims, alleging that he has been subject to past incidents of corporal punishment, sexual abuse, and harassment by NBCI staff. ECF 1 at 3. Further, he claims deliberate indifference by Wexford Health Sources, Inc., at both NBCI and Jessup Correctional Institution, where he was previously held. *Id.* at 4. In particular, Aurel claims denial of access to medication for his symptoms related to abdominal pain and chronic constipation; bloody stool; colon, thyroid, and prostate cancer; an ulcer; pain in his ear; a tongue infection; pain in his bladder, head, and lower back, as well as numbness to his right hip; dizziness; and he has been denied access to all rehabilitative programs since November of 2014. He seeks $100,000.00 in damages and court action to compel state authorities to transfer him to Romania, his country of

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Although plaintiff was prosecuted as Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

citizenship. ECF 1 at 2-4, 6-7, 10. The cause of action has been construed as a 42 U.S.C. § 1983 prisoner civil rights action for injunctive relief and damages.

Aurel is litigious. This case represents the thirty-fourth action he has filed in this court over the past five years, most of which have been assigned to me.[2] In three of those cases Aurel was granted leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915(a). Those cases were dismissed as frivolous or for failure to state a claim. He was notified that the dismissals constituted "strikes" under § 1915(e),[3] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while

---

[2] In addition to this action, Aurel has filed thirty-three prior cases in this court. They are *Aurel v. United States.*, Civil Action No. JKB-11-1297 (D. Md.); *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352 (D. Md.); *Aurel v. Shearin, et al.*, Civil Action No. ELH-14-374 (D. Md.); *Aurel v. Jessup Correctional Institution Mail Room,* Civil Action No. ELH-14-958 (D. Md.); *Mich v. Nice, et al*., Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036 (D. Md.); *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.); *Aurel v. Pennington, et al.,* Civil Action No. JKB-14-1859 (D. Md.); *Aurel v. Mail Room at North Branch Correctional Institution, et al*., ELH-14-2813 (D. Md.); *Aurel v. Warden*, ELH-15-258 (D. Md.); *Aurel v. Warden*, ELH-15-1127 (D. Md.); *Aurel v. Warden.*, ELH-15-1128 (D. Md.); *Aurel v. Miller, et al.*, ELH-15-1422 (D. Md.); *Aurel v. Kammauf, et al.*, ELH-15-1581 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); *Aurel v. Twigg*, ELH-15-1920 (D. Md.); *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.); *Aurel v. Rose.*, ELH-15-2604 (D. Md.); *Aurel v. Thrasher*, ELH-15-3142 (D. Md.); *Aurel v. Sawyers, et al*., Civil Action No. ELH-16-280 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-16-1293 (D. Md.); *Aurel v. Warden*, Civil Action No. ELH-16-1494 (D. Md.); *Aurel v. Nines*, Civil Action No. ELH-16-1839 (D. Md.); *Aurel v. Fornay, et al*., Civil Action No. ELH-16-2941 (D. Md.); *Aurel v. Nines, et al.*, Civil Action No. ELH-16-2942 (D. Md.); *Aurel v. Bohrer*, Civil Action No. ELH-16-3858; *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-335 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-336 (D. Md.); and *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-1201 (D. Md.).

[3] *See Mich v. Nice, et al*., Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); and *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.).

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[4]

As Aurel's cases are subject to review under 28 U.S.C. § 1915(g), he may not proceed in this action unless he (1) submits the $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury.

To the extent that Aurel's current allegations may be construed as raising an imminent danger exception, I observe that in *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-16-1293 (D. Md.), Aurel raised similar claims regarding the denial of medical care in regard to "catastrophic injuries" sustained to his head, back, and hip from a fall from his bunk in March 2016. And, he raised identical claims regarding his abdominal issues, constipation, positive occult blood samples and alleged cancers in three cases: *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Warden , et al.*, Civil Action No. 15-1127 (D. Md.); and *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.). In all cases Aurel's medical issues were fully briefed throughout 2014 to 2016. The court examined

---

[4] Specifically, §1915g) mandates:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

his health care claims and granted judgment in favor of the medical defendants. Further, the court notes that Aurel recently filed a complaint, raising a multitude of claims regarding his medical care and treatment. Notably, Aurel's allegations with regard to his throat, neck, ear, thyroid, and tongue pain are proceeding for answer and review in *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-1201 (D. Md.), under the § 1915(g) exception.

The court finds that Aurel has otherwise failed to demonstrate that he is in imminent danger of physical harm from NBCI personnel. Courts have held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002). "The exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The bar for establishing imminent danger, although high, is not insurmountable. In *Lewis,* 270 F.3d at 531, the court said:

> If limited to situations in which, say, a beating is ongoing, no prisoner will find solace; once the beating starts, it is too late to avoid the physical injury; and once the beating is over the prisoner is no longer in "imminent danger" .... Reading the imminent-danger language this way would make it chimerical, a cruel joke on prisoners.

Aurel's allegations concern past incidents and conduct. None is of an emergency nature, and there is no suggestion that the incidents alleged are part of a pattern of ongoing conduct. None of his bald-faced claims suggest that he presently faces immediate danger of serious physical harm sufficient to excuse him from the "three strikes" bar under 28 U.S.C. § 1915(g).

In addition, to the extent that Aurel seeks to invoke this court's mandamus jurisdiction under

4

28 U.S.C. § 1361 to compel his transfer or removal to Romania, the court is without authority to do so. This remedy is only used in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).

Title 28 U.S.C. § 1361 confers original jurisdiction on the United States District Courts "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, a federal court may only issue a writ of mandamus against an employee or official of the United States and, even then, may only command that employee or official "to perform a mandatory or ministerial duty, rather than one that is purely discretionary." *Ocean Breeze Festival Park v. Reich*, 853 F.Supp. 906, 915 (E.D. Va. 1994), *affirmed by Virginia Beach Policeman's Benevolent Association v. Reich*, 96 F.3d 1440 (4th Cir. 1996). A federal court does not have jurisdiction over state entities or employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n. 3 (4th Cir. 1999).

Aurel has no right to be repatriated before completion of his state sentence.[5] *See Wright v.*

---

[5] The state court docket shows that Aurel was convicted by a jury in the Circuit Court for Montgomery County of two counts of first- and second-degree murder in June of 2003. *State v. Mich*, Case No. 96244C (Circuit Court for Montgomery County). On December 4, 2003, he was sentenced to consecutive life terms. In 2004, the criminal judgment was affirmed by the Court of Special Appeals of Maryland and Aurel's petition for writ of certiorari was denied by the Court of Appeals of Maryland on August 12, 2005. On February 25, 2011, Aurel's petition for post-conviction relief, originally filed on May 26, 2006, was withdrawn. The petition, refiled on December 23, 2013, proceeded to a hearing with counsel on October 2, 2014, before Circuit Court Judge Terrence J. McGann, who denied the petition that same day and issued a statement of reasons for the denial on December 12, 2014. Aurel's application for leave to appeal was denied by the Court of Special Appeals of Maryland on May 24, 2016. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=96244C&loc=68&detailLoc=MCCR

*U.S. Dep't of Homeland Sec.,* No. DKC-09-2840, 2009 WL 3711366, at *2 (D. Md. Nov. 2, 2009) ("Petitioner's continued confinement until the completion of his term of incarceration does not violate the Constitution or laws of the United States, and petitioner has no private right of action to compel his immediate removal or immediate consideration for removal prior to the completion of his term of incarceration").

This court has no authority to provide Aurel with the relief he seeks.

A separate Order follows, dismissing this Complaint, without prejudice.

Date: May 12, 2017        _____/s/_____
                          Ellen L. Hollander
                          United States District Judge